UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTLINE SERVICES, INC., a Wyoming corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>SEASPINE ORTHOPEDICS CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No.:  23-cv-00077-JAH-BGS<br><br><br>**ORDER GRANTING 10-DAY EXTENSION OF DISCOVERY DISPUTE DEADLINE FOR SPECIFIC JUNE AND OCTOBER DISCOVERY**<br><br>**[ECF 47]** |

   Before the Court is the parties' December 15, 2023, joint motion to extend by 10 days—to December 28, 2023—the deadline by which they may bring a dispute arising out of specific discovery served on June 2, 2023, and October 18, 2023, to the attention of the Court.  (ECF 47.)  The motion is **GRANTED**.

  **I. Background**

   The Complaint was filed in this case on January 13, 2023, and the Answer on February 23, 2023.  (ECF 1, 6.)  The parties moved three times to continue the Early Neutral Evaluation and Case Management Conference, and after the Court

reset the date due to a conflict in the Court's schedule, the parties requested and were granted a fourth continuance.  (*See* ECF 9, 13, 15, 19, 20.)  On November 30, 2023, this Court granted in part and denied in part the parties' motion to extend all remaining scheduling order dates 60 days.  (See ECF 43, 45.)  Specifically, the Court ordered that the fact discovery deadline as to only outstanding discovery depositions and document redactions was extended 45 days from the current December 18, 2023, deadline, to February 1, 2024.  (ECF 45.)  The Court declined to extend any other scheduling order dates.  (*Id.*)  All other fact discovery in this case was to have been completed by December 18, 2023.  (ECF 23.)

## A.    First set of discovery responses

This is the parties' ninth motion to extend the dispute deadline for discovery that was served on June 2, 2023.  (*See* ECF 17, 21, 25, 31, 37, 39, 41, 44, 47.)  The parties have been able to narrow the matters for which they seek to extend the dispute deadline.  The parties' prior extension motions were for disputes arising out of Plaintiff's responses to Defendant's first set of discovery, Requests for Production (RFPs) 2-30, and Defendant's responses to Plaintiff's first set of discovery, RFPs 2-4, and Interrogatory (ROG) 6; regarding Plaintiff's responses to Defendant's first set of RFPs, the parties' motion now relates only to RFPs 13, 18, 28, and 29.

## B.    Second set of discovery responses

This is the parties' third motion to extend the dispute deadline for discovery responses that were served on October 18, 2023.  (*See* ECF 41, 44, 47.)  The responses that are the subject of the motions are Plaintiff's responses to Defendant's second set of discovery, Requests for Admission (RFAs) 6-7, ROGs 8-18, and RFPs 31, 32-38, 48, 50, 52-54, 56, 65-67.  (*See id.*)

/ / /

/ / /

## II.     Chambers Rules

Judge Skomal's Chambers Rules, Section V, which governs all discovery motions, provides that the Court will not rule on a discovery dispute that is brought to the Court's attention more than 30 days after the date upon which the event giving rise to the dispute occurred absent a showing of good cause.   Judge Skomal's Chambers Rules (Chambers Rules), Section V.   For written discovery, the event giving rise to the discovery dispute is service of the initial response or the date on which such response is due, whichever is earlier.   *Id.*   The parties must file a joint motion demonstrating good cause if they seek to extend the 30-day deadline.   *Id.*   If the parties seek to bring a discovery dispute to the Court's attention and have been unable to resolve their dispute through the meet and confer process, the parties must email a Joint Discovery Statement to the Court at efile_Skomal@casd.uscourts.gov.[1]   Chambers Rules, Section V(B).

Given that the parties have filed eight prior motions over the past six months to extend the discovery dispute deadline related to their first sets of discovery, and two prior motions over the past two months to extend the discovery dispute deadline related to the parties' second sets of discovery, the Court does not find

---

[1] The Joint Statement shall be no more than three pages and must include the following:

    1.   The date of the event giving rise to the discovery dispute and the corresponding deadline to contact the Court with the dispute

    2.   The discovery requests in dispute along with a brief description (not argument) of each party's position on each request.

    3.   At least three mutually agreeable dates within 10 calendar days for an informal Discovery Conference with the Court.

    4.   Attached exhibits of the relevant requests and responses at issue (including any material definitions and general objections).   Counsel should not attach copies of any meet and confer correspondence.

After reviewing the Joint Discovery Statement, the Court may set a telephonic or in-person Discovery Conference or may issue a briefing schedule.   Chambers Rules, Section V(B).

good cause to accommodate the parties' request for a further extension of the deadline.  However, because the extension request is for only 10 days, as a matter of courtesy, the Court **GRANTS** the parties' joint motion to extend the date for 10 days—to **December 28, 2023**—to bring a discovery dispute to the attention of the Court that has arisen out of the parties' identified discovery responses that were served on June 2, 2023, and October 18, 2023.  Those responses are the following:

> Plaintiff's responses to Defendant's first set of discovery, RFPs 13, 18, 28, and 29;
>
> Defendant's responses to Plaintiff's first set of discovery, RFPs 2-4, and ROG 6; and
>
> Defendant's second set of discovery, RFAs 6-7, ROGs 8-18, and RFPs 31, 32-38, 48, 50, 52-54, 56, 65-67.

Absent extraordinary circumstances, this is the final extension of the discovery dispute deadline the Court will grant in this case.  If disputes arising out of the discovery identified above have not been resolved by **December 28, 2023**, and the parties seek to contact the Court will any unresolved discovery disputes at that point, they must do so by the close of business on **December 29, 2023**.[2] Failure to do so may result in the Court deeming any disputed issues arising out of that discovery waived, and may result in a party being barred from filing a corresponding discovery motion.

**IT IS SO ORDERED**.

Dated:  December 19, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[2] The parties must email a Joint Discovery Statement to the Court at efile_Skomal@casd.uscourts.gov.  *See* Chambers Rules, Section V(B).