UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTLINE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEASPINE ORTHOPEDICS CORPORATION, <br><br> Defendant. | Case No.: 23-cv-00077-JAH-BGS <br><br> **ORDER GRANTING JOINT MOTION FOR EXTENSION OF DEADLINES REGARDING EXPERT WITNESS DISCOVERY** <br><br> **[ECF 61]** |

On March 5, 2024, the parties filed a joint motion seeking to extend the deadlines in their case for expert and supplemental expert disclosures and expert discovery so that Plaintiff may substitute its previously designated expert witness and so the replacement expert witness may provide a timely written report under Federal Rule of Civil Procedure 26(a)(2)(B). (*See* ECF 61.) For the following reasons, the Court concludes there is good cause to extend the remaining expert deadlines and to allow the substitution of the previously designated expert witness and, therefore, **GRANTS** the joint motion.

"'[T]he district court is given broad discretion in supervising the pretrial phase of litigation . . . .'" *Bagwell v. CBS Broadcasting Inc.*, CV 19-8423 DSF (ASx), 2021 WL 9145409, at *2 (C.D. Cal. Oct. 19, 2021) (quoting *United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007). "Once the district court has issued a pretrial scheduling order, the 'schedule may be modified only for good cause and with the judge's consent.'" *Id.* (quoting Fed. R. Civ. P. 16(b)(4)); *Stone Brewing*

*Co., LLC v. MillerCoors LLC*, No. 3:18-cv-00331-BEN-LL, 2021 WL 1263836, at *1 (S.D. Cal. Apr. 5, 2021) ("'Courts have applied the 'good cause' standard in [Federal Rule of Civil Procedure] 16(b) to a party's request to designate a new expert after the deadline in the Scheduling Order has expired.'" (quoting *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Assoc.*, No. 14-cv-1191-JLS-KSC, 2018 WL 3491854, at *12 (S.D. Cal. Jul. 18, 2018))) (alteration in original). "'Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

According to the parties' joint motion, Plaintiff had timely designated its intended expert witness under the parties' scheduling order in this case, but the expert later informed Plaintiff that a conflict existed that would prohibit the expert from testifying. (ECF 61 at 2.) Plaintiff is now in the process of retaining a replacement expert, who has performed a conflict check and has confirmed that he has no conflict in this case. (*Id.*) Because the replacement expert will need time to provide a written report under Rule 26(a)(2)(B) and Defendant's rebuttal expert will need time to provide rebuttal evidence based on the replacement expert's written report, the parties seek to extend dates for expert and supplemental expert disclosures and the expert discovery deadline in their case. (ECF 61 at 3-4.)

The parties have satisfied the good cause standard in Rule 16(b) for an extension of the deadlines. *See Bagwell v. CBS Broadcasting Inc.*, CV 19-8423 DSF (ASx), 2021 WL 9145409, at *2 (C.D. Cal. Oct. 19, 2021) ("'Courts have consistently allowed the substitution of expert witnesses when unexpected events prevent the designated expert from testifying at trial.'" (quoting *Leibel v. NCL (Bahamas) Ltd.*, 185 F. Supp. 3d 1354, 1356 (S.D. Fla. 2016))); *see also Doctor's Assocs., Inc. v. QIP Holder LLC*, No. 3:06-CV-1710 VLB, 2009 WL 5184404, at *4 (D. Conn. Dec. 23, 2009) (finding good cause to substitute where the original

expert withdrew due to a conflict of interest). Plaintiff complied with the expert designation deadline, and it appears that Plaintiff was diligent in finding a replacement expert once the designated expert informed Plaintiff of a conflict. The substitution is unopposed by Defendant. Furthermore, Plaintiff contacted the Court by phone on March 4, 2024, before the expiration of the deadline for expert disclosures (March 4, 2024, was the deadline for expert disclosures).

Accordingly, as related to Plaintiff's replacement expert only, the following dates are reset: the date for the parties to comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure, March 4, 2024, is reset to **March 29, 2024**. The date for the parties to supplement disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D), March 18, 2024, is reset to **April 19, 2024**, and the deadline for all expert discovery, April 18, 2024, is reset to **May 10, 2024**. All other remaining scheduling order dates and deadlines provided in ECF 23 remain in effect.

**IT IS SO ORDERED.**

Dated:  March 5, 2024

Hon. Bernard G. Skomal
United States Magistrate Judge